THE STATE OF OHIO, APPELLEE, *v.* BUTTS, APPELLANT.

[Cite as State *v.* Butts (1991), 58 Ohio St. 3d 250.]

(Nos. 90-653 and 90-675—Submitted February 12, 1991—Decided April 3, 1991.)

*Robert D. Horowitz,* prosecuting attorney, and *Ronald Mark Caldwell,* for appellee.

*Robert G. Lavery,* for appellant.

WRIGHT, J. In a refreshing bit of candor during oral argument, counsel for the state admitted that the prosecution was as surprised by the consecutive sentence as the defendant. So are we.

At issue is the meaning of R.C. 2929.41, which provides, in part:

"(A) Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. *In any case,* a sentence of imprisonment for misdemeanor *shall be served concurrently* with a sentence of imprisonment for felony served in a state or federal penal or reformatory institution." (Emphasis added.)

While we sympathize with the chagrin of a trial judge confronted with a repeat offender, we hold that R.C. 2929.41(A) requires that a sentence imposed for a misdemeanor conviction must be served concurrently with any felony sentence.

The judgment of the court of appeals is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.