JOURNAL ENTRY AND OPINION
Kenneth Thomas appeals from the trial court's judgment finding him a probation violator and reinstating an eight-year prison sentence to be served consecutively with a one-year prison sentence imposed by Bedford Heights Municipal Court. He assigns the following as errors for our review:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS GIVEN INSUFFICIENT NOTICE CONCERNING A PROBATION VIOLATION.
 II. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
 III. DEFENDANT WAS SUBJECTED TO MULTIPLE PUNISHMENTS IN VIOLATION OF HIS RIGHTS GUARANTEED BY THE FIFTH AMENDMENT AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT SPECIFY THE PROBATION VIOLATION.
 V. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GIVEN ANY WRITTEN NOTIFICATION CONCERNING AN ALLEGED PROBATION VIOLATION.
 VI. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ORDERED A FELONY SENTENCE TO BE SERVED CONSECUTIVELY TO A MISDEMEANOR SENTENCE.
Having reviewed the arguments presented by the parties and the pertinent law, we affirm in part and reverse in part, remanding this matter to the trial court for re-sentencing.
Following Thomas' arrest on October 27, 1995, a Cuyahoga Grand Jury issued a felony indictment on March 27, 1996. On June 14, 1996, the trial court convicted and sentenced Thomas to eight years imprisonment. The court then suspended the sentence and placed Thomas on five years probation.
Approximately four years later, on August 17, 2000, a jury in Bedford Heights Municipal Court found Thomas guilty of importuning and indecent exposure involving a nine-year-old female. Both convictions were misdemeanors for which the court imposed a one-year term of imprisonment.
As a result of these misdemeanor convictions, a probation violation hearing was requested. Thomas waived his right to a probable cause hearing and the trial court proceeded with the final hearing. The trial court found that Thomas had violated the terms of his probation and ordered the execution of the original sentence of eight years to be served consecutively following the one year sentence he received from the municipal court.
In his first, fourth, and fifth assigned errors, Thomas addresses whether the trial court provided him adequate notice of his probation violation hearing. Specifically, Thomas considers the notice defective because it was not provided until the day before the hearing, it failed to specify the alleged probation violations, and it was not in written form. Because these assigned errors implicate similar operative facts and legal principals, we address them concurrently.
In Woods v. Telb,[1] the Ohio Supreme Court stated:
 Ohio's new post-release control statute admonishes the APA [Adult Parole Authority] to ensure procedural due process to an alleged violator. R.C. 2967.28(E)(5)(d). As codified in the Ohio Administrative Code:
 With respect to the hearing, the offender has the following rights:
 (a) The right to receive prior to the hearing a written notice setting forth the date, time and location of the hearing and the specific violations the releasee is alleged to have committed.
 (b) The right to be heard in person and present relevant witnesses and documentary evidence.
 (c) The right to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing confrontation. In the event that confrontation is disallowed, specific reasons for the same shall be documented in the record of proceedings.
 (d) The right to disclosure of evidence presented against the releasee.
 (e) The right to request representation by counsel. If the releasee cannot afford to retain counsel, assistance, upon request, will be provided by the office of the state public defender.
 (f) The right to a written digest of the proceedings by the hearing officer if requested. Ohio Adm. Code 5120:1-1-43(J)[sic, I].
Although, the record contains a journal entry dated 28 August 2000 which indicates the probation violation hearing had been set for 10:00 a.m. on 7 September 2000, the record does not contain a copy of the notice. Because of this deficiency, we are unable to determine whether the notice satisfied procedural due process.
Regardless, Thomas did not object, either prior to the hearing or at the hearing, to the alleged deficiencies of which he now complains. Therefore, we conclude Thomas waived the issues he now raises in his first, fourth, and fifth assigned errors.
In his second assigned error, Thomas asserts he received ineffective assistance of counsel at the probation violation hearing because his appointed counsel did not serve as his trial counsel in Warrensville Heights Municipal Court. He claims he was prejudiced by this and the fact that his wife could not attend the hearing due to insufficient notice of the hearing.
In Strickland v. Washington[2] the court established a two-part test for consideration in addressing claims of ineffective assistance of counsel:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.
 Second, the defendant must show that the deficient performance prejudiced the defense.
In State v. Bradley,[3] the court stated:
 In order to show prejudice, the defendant must demonstrate a reasonable probability exists that, absent counsel's error, the result of the trial would have been different.
A review of the transcript reveals counsel's performance was not deficient. In addition, Thomas has failed to demonstrate a reasonable probability exists, absent counsel's error, that the result of the hearing would have been different. Notably, Thomas admitted to violating the terms of his probation. Accordingly, Thomas's assigned error is without merit.
In his third assigned error, Thomas argues he was subjected to multiple punishments because Bedford Heights Municipal court imposed a sentence and an additional punishment was imposed when the court found him to be a probation violator and reinstated a prior sentence. We disagree.
It is clear from the transcript of the proceedings and the sentencing journal entry that the court imposed one sentence for the newly committed crime and reinstated a stayed sentence. Therefore, Thomas's third assigned error is without merit.
In his sixth assigned error, Thomas argues the trial court erred when it ordered him to serve a felony sentence consecutively to his misdemeanor sentence. We agree.
When Thomas committed his felony, the pre-Senate Bill 2 version of R.C. 2929.41 governed Ohio's criminal sentencing. This version reads:
 (A) Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal correctional institution.
 (B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
 (1) When the trial court specifies that it is to be served consecutively;
 (2) When it is imposed for a violation of division (A)(2), (3), or (4) of section 2907.21, division (B) of section 2917.02, section 2907.321 [2907.321], section 2907.322 [2907.32.2], division (B)(5) or (6) of section 2919.22, section 2921.34, or division (B) of section 2921.35 of the Revised Code, for a violation of section 2907.22 of the Revised Code that is a felony of the second degree, or for a violation of section 2903.13 of the Revised Code for which a sentence of imprisonment is imposed pursuant to division (C)(2) of that section;
 (3) When it is imposed for anew felony committed by a probationer, parolee, or escapee;
 (4) When a three-year term of actual incarceration is imposed pursuant to section 2929.71 of the Revised Code;
 (5) When a six-year term of actual incarceration is imposed pursuant to section 2929.72 of the Revised Code.
When Thomas committed his misdemeanor, the current version of R.C.2929.41 had replaced the pre-Senate Bill 2 version. This new version reads:
 (A) Except as provided in division (B) of this section, * * *, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal correctional institution.
 (B)(1) A sentence of imprisonment for a misdemeanor shall be served consecutively to any other sentence of imprisonment, when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.
[Emphasis added.]
The pre-Senate Bill 2 version of R.C. 2929.41 made no provision for running misdemeanors and felonies consecutively. As interpreted by the Ohio Supreme Court in State v. Butts,[4] R.C. 2929.41 specified all misdemeanors run concurrently with felonies.[5]
Here, the trial court ordered execution of a previously imposed felony sentence after Thomas completed service of his misdemeanor sentence at the Warrensville jail. The question for us is whether the trial court had the statutory authority to order service of a felony prison sentence consecutively following service of a misdemeanor prison sentence. In resolving this matter, our threshold query is whether to apply the pre-Senate Bill 2 or post-Senate Bill 2 version of R.C. 2929.41. Since the misdemeanor crime occurred after Senate Bill 2 went into effect, arguably the newer version of R.C. 2929.41 applies; however, the trigger for us is the felony, not the misdemeanor.
Although we found no case law that speaks directly to a similar factual situation, we lean on State, ex rel. Lemon v. Ohio Adult Parole Authority,[6] wherein the Ohio Supreme Court stated, [T]he amended sentencing provision [of Senate Bill 2] do not apply to persons convicted and sentenced prior to July 1, 1996.[7] Because the trial court convicted and sentenced Thomas prior to July 1, 1996, we apply the pre-Senate Bill 2 version of R.C. 2929.41.
As we rely on the pre-Senate Bill 2 version of R.C. 2929.41, we necessarily rely on the Ohio Supreme Court's interpretation of that statute. In Butts, the Supreme Court stated, R.C. 2929.41(A) requires that a sentence imposed for a misdemeanor conviction must be served concurrently with any felony sentence.[8] Therefore, the trial court was bound to order concurrent execution of Thomas's felony and misdemeanor prison sentences, and Thomas's sixth assigned error has merit.
Accordingly, we reverse the trial court's imposition of consecutive felony and misdemeanor prison sentences, and remand this matter to the trial court for re-sentencing consistent with this opinion.
It is ordered that appellee and appellant share the cost herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and JOHN T. PATTON*, J., CONCUR.
* SITTING BY ASSIGNMENT: JUDGE JOHN T. PATTON, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.
[1] (2000), 89 Ohio St.3d 504, 513, 733 N.E.2d 1103, 1111.
[2] (1984), 466 U.S. 668.
[3] (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
[4] (1991), 58 Ohio St.3d 250, 569 N.E.2d 885.
[5] Id.
[6] (1997), 78 Ohio St.3d 186, 677 N.E.2d 347.
[7] Id. at 187, citing Section 5, Am.Sub. S.B. No. 2 which states, The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date * * *.
[8] Butts supra at syllabus.