OPINION
On January 4, 2001, a complaint was filed charging appellant, Michael Robinson, with a misdemeanor, namely, passing a bad check in the amount of $453.31 in violation of R.C. 2313.11(A).
On November 8, 2001, appellant pled guilty to the charge. At this time, appellant was serving a term of imprisonment under the Ohio Department of Rehabilitation and Correction on a felony charge. Appellant's scheduled release date is September 8, 2002. By judgment order filed November 9, 2001, the trial court sentenced appellant to sixty days in jail, to be served consecutively to his current term of imprisonment.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO A SIXTY (60) DAY PRISON SENTENCE FOR A MISDEMEANOR CONVICTION.
 II. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO SERVE A SENTENCE FOR A MISDEMEANOR CONSECUTIVE TO A PRISON TERM IN A STATE CORRECTIONAL INSTITUTION.
 I, II
Appellant claims the trial court erred in sentencing him to a sixty day sentence for a misdemeanor, to be served consecutive to his current term of imprisonment for a felony. We agree.
The gravamen of these assignments is whether a trial court may run a misdemeanor sentence consecutive to a felony sentence already being served. Based upon statutory and case law, we answer in the negative.
Although we empathize with the trial court's frustration in being unable to punish an individual for a misdemeanor violation while serving a felony sentence, we are bound by the letter of R.C. 2929.21(B)(1) and R.C. 2929.41(A) which must be construed liberally in favor of the accused. R.C. 2929.21(B)(1) provides for not more than a six month term of imprisonment on a misdemeanor of the first degree. R.C. 2929.41(A) governs multiple sentences and states as follows:
 Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(2) of this section, a sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution. (Emphasis added.)
In State v. Butts (1991), 58 Ohio St.3d 250, syllabus, the Supreme Court of Ohio, in reversing a judgment from this court, examined a case similar to the case sub judice and held "R.C. 2929.41(A) requires that a sentence imposed for a misdemeanor conviction must be served concurrently with any felony sentence."
Upon review, we find the trial court erred in sentencing appellant to a consecutive sentence.
Assignments of Error I and II are granted.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Ashland County, Ohio is reversed.
Hon. Sheila G. Farmer, P.J., Hon. Julie A. Edwards, J., Hon. John F. Boggins, J., concur.