OPINION
{¶ 1} Appellant Brian Elkins ("appellant") appeals various aspects of the sentence rendered by the Morrow County Court of Common Pleas. The following facts give rise to this appeal.
 {¶ 2} On July 29, 2004, appellant, while operating a motor vehicle on Township Road 21, struck and killed Justin Romans. At the time of the accident, appellant failed to stop for a stop sign at the intersection of Township Roads 21 and 25. Appellant swerved in an attempt to avoid hitting Romans, who was riding a bicycle. However, appellant's vehicle struck a truck pulling a flatbed trailer and careened off the flatbed trailer and struck Romans killing him instantly. After striking Romans, appellant panicked and fled the scene.
 {¶ 3} Prior to the accident, appellant and some coworkers met for drinks and dinner. According to appellant, he consumed two full beers, part of a third beer and a shot of Jack Daniels. Less than twenty-four hours after the accident, appellant and his brother-in-law drove appellant's vehicle to Coshocton County and concealed it alongside a fence row behind a barn. On Monday, August 2, 2004, appellant learned that he had struck and killed a fifteen-year-old boy. Upon learning this information, appellant suffered a mental breakdown and was hospitalized.
 {¶ 4} On August 4, 2004, a family member of appellant contacted the authorities and revealed the location of appellant's vehicle. On August 5, 2004, complaints were filed, in the Morrow County Municipal Court, charging appellant with aggravated homicide and leaving the scene of an accident. On August 6, 2004, appellant checked himself out of the hospital and went to the Morrow County Sheriff's Department where he surrendered to the authorities. Appellant waived a preliminary hearing and on September 3, 2004, the Morrow County Grand Jury indicted him on seven counts.
 {¶ 5} On September 10, 2004, appellant entered a general plea of not guilty at his arraignment. Thereafter, appellant withdrew his plea of not guilty and entered guilty pleas to Count 3, aggravated vehicular homicide; Count 4, failure to stop after an accident involving death to a person; and Count 5, tampering with evidence. On April 11, 2005, the trial court sentenced appellant to four and one-half years in prison and suspended appellant's driver's license for life. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
 {¶ 6} "I. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FAILING TO DISCHARGE APPELLANT ON THE FIRST DEGREE MISDEMEANOR LEAVING THE SCENE CHARGE FOR WHICH APPELLANT HAD ALREADY SERVED MORE TIME IN JAIL IN LIEU OF BAIL THAN COULD BE IMPOSED FOR A (SIC) THE OFFENSE.
 {¶ 7} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY IMPOSING A SENTENCE TO SIX MONTHS IMPRISONMENT FOR A MISDEMEANOR WHICH WAS ORDERED TO BE SERVED CONSECUTIVELY TO A PRISON SENTENCE FOR A FELONY.
 {¶ 8} "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO PROPERLY REDUCE THE CONCURRENT SENTENCES FOR THE TWO FELONY OFFENSES BY THE AMOUNT OF TIME APPELLANT WAS CONFINED IN JAIL IN LIEU OF BAIL.
 {¶ 9} "IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY IMPOSING A FOUR YEAR PRISON TERM FOR THE TAMPERING WITH EVIDENCE CHARGE BECAUSE THE COURT'S FINDINGS IN FAVOR OF A PRISON SENTENCE GREATER THAN THE MINIMUM SENTENCE FOR THE OFFENSE WAS UNSUPPORTED BY THE RECORD.
 {¶ 10} "V. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY IMPOSING A LIFETIME SUSPENSION OF THE APPELLANT'S DRIVING PRIVILEGES WHICH MAXIMUM PERIOD OF SUSPENSION WAS UNSUPPORTED BY THE RECORD AND CONTRARY TO LAW."
 I {¶ 11} In his First Assignment of Error, appellant maintains the trial court erred when it failed to discharge him on the charge of leaving the scene of an accident because he had already served more time, in jail in lieu of bail, than could be imposed for the offense. We disagree.
 {¶ 12} In support of this assignment of error, appellant cites R.C. 2949.08(C)(1), which provides as follows:
 {¶ 13} "(C)(1) If the person is sentenced to jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody pursuant to division (A) of this section by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial, * * *."
 {¶ 14} The above-cited statute does not require that a charge be dismissed if a defendant has already served more time in jail, in lieu of bail, than could be imposed for the offense. Rather, the statute merely requires the jailer to give defendant credit for time served.
 {¶ 15} In the case sub judice, the trial court gave appellant 72 days credit for time served. Specifically, the trial court stated as to Count 2 of the indictment:
 {¶ 16} "With regard to the second count, which is a misdemeanor of the first degree, Failure to Stop After the Accident, I'm sentencing you to six months. I'm finding these are not crimes of similar import and that that is to be served consecutively, giving you credit for the time already served on that particular case in the Morrow County jail and a $1,000 fine." Sentencing Tr., Apr. 11, 2005, at 54.
 {¶ 17} The trial court further found that appellant's total sentence was four and one-half years, with credit for time served on Count 2. Id. Thus, appellant received credit for time served, which is in accordance with R.C. 2949.08(C)(1). This statute did not require the trial court to dismiss Count 2 of the indictment.
 {¶ 18} Appellant's First Assignment of Error is overruled.
 II {¶ 19} Appellant contends, in his Second Assignment of Error, the trial court erred when it imposed a sentence of six months imprisonment, for a misdemeanor violation under R.C. 4549.02, to be served consecutively to a stated prison term to be served in a state correctional facility. We disagree.
 {¶ 20} Appellant cites R.C. 2929.41(A) in support of his argument that any sentence for a misdemeanor ordinarily must run concurrently to any prison sentence imposed for a felony. Recently, the Ohio Supreme Court, in State v. Foster,
109 Ohio St.3d 1, 2006-Ohio-856, found Section (A) of R.C. 2929.41
unconstitutional. See Foster at paragraph three of the syllabus. However, the Court further concluded that R.C.2929.41(A) is capable of being severed. Id. at paragraph four of the syllabus. Therefore, the remainder of R.C. 2929.41 is constitutional.
 {¶ 21} Section (B)(1) of R.C. 2929.41 provides as follows concerning sentencing for misdemeanor and felony offenses:
 {¶ 22} "(B)(1) A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code. * * *"
 {¶ 23} In the nunc pro tunc sentencing judgment entry, the trial court specifically ordered appellant to serve the six-month prison term for leaving the scene of the accident consecutive to the sentences appellant received for tampering with evidence and aggravated vehicular homicide. Nunc Pro Tunc Sentencing Judgment Entry, July 22, 2005, at 3. Pursuant to R.C. 2929.41(B)(1), since the trial court specifically ordered, in the sentencing judgment entry, that the misdemeanor violation under R.C. 4549.02 be served consecutively to the other two offenses, we find no error.
 {¶ 24} We acknowledge the Ohio Supreme Court, in State v.Butts (1991), 58 Ohio St.3d 250, held that, "R.C. 2929.41(A) requires that a sentence imposed for a misdemeanor conviction must be served concurrently with any felony sentence." Id. at syllabus. We find the Butts decision inapplicable. The Butts
case was based on a version of R.C. 2929.41(A) that specifically stated that, "* * * [i]n any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal penal or reformatory institution." (Emphasis added.) The General Assembly removed the "in any case" language from Section (A) of R.C.2929.41 in 2000.
 {¶ 25} Therefore, the version of the statute the trial court relied upon when it sentenced appellant provided that the mandatory concurrent sentence for a felony and misdemeanor charge only applied to a jail term or sentence of imprisonment for a felony served in a state or federal correctional institution. It did not apply to any terms served in any other facilities. In the sentencing judgment entry, the trial court ordered appellant to serve his term of imprisonment at the Orient Correctional Facility, a state penal institution. Accordingly, under R.C.2929.41(A), since appellant was to serve his term in a state penal institution, it was required that he serve the misdemeanor term concurrently with his felony convictions.
 {¶ 26} However, following his sentencing, as noted above, the Ohio Supreme Court declared R.C. 2929.31(A) unconstitutional and found it severable from the remaining sections of the statute. Section (B) of R.C. 2929.41 allows a trial court to order a defendant to serve a misdemeanor sentence consecutive to a felony sentence. This section of the statute makes no distinction among the various types of penal institutions. Therefore, we conclude that Section (B) of R.C. 2929.41 is the applicable law since Section (A) has been declared unconstitutional. Accordingly, under Section (B) of R.C. 2929.41, the trial court was permitted to order appellant to serve the misdemeanor sentence consecutive to the two felony sentences.
 {¶ 27} Appellant's Second Assignment of Error is overruled.
 III, IV {¶ 28} We will address appellant's Third and Fourth Assignments of Error simultaneously. Appellant maintains, in his Third Assignment of Error, the trial court erred when it failed to reduce the concurrent sentences for the two felony offenses by the total number of days he was confined in lieu of bail. In his Fourth Assignment of Error, appellant contends the trial court committed prejudicial error when it imposed a four-year prison term, for the tampering with evidence charge, because the trial court's finding in favor of a prison sentence greater than the minimum sentence for the offense was unsupported by the record. We agree with both assignments of error.
 {¶ 29} The disposition of appellant's Fourth Assignment of Error concerning the imposition of non-minimum sentences on an offender who has never served a prison term is controlled by the Ohio Supreme Court's decision in State v. Foster, supra. InFoster, the Court found R.C. 2929.14(B) and (B)(2) unconstitutional. Id. at ¶ 97. Because the trial court relied upon an unconstitutional statute when sentencing appellant, we find the trial court's sentence is void and must be vacated.
 {¶ 30} Appellant's Third Assignment of Error is related to his Fourth Assignment of Error as it concerns the reduction of his prison term by the amount of time served in jail in lieu of bail. R.C. 2967.191 provides that a prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, * * * and confinement while awaiting transportation to the place where the prisoner is to serve [his or her] prison term."
 {¶ 31} In State v. Reichelderfer (Apr. 30, 1999), Montgomery App. No. 17445, the Second District Court of Appeals discussed the nature of the trial court's obligation with respect to the calculation of jail time credit. The court stated as follows:
 {¶ 32} Formerly, trial courts were required by Crim.R. 32.2 to recite, in the termination entry, the amount of time that a convicted defendant spent incarcerated before sentencing. However, Crim.R. 32.2 was amended, effective July 1, 1998, and no longer contains this requirement. The Department of Rehabilitation and Corrections [sic] understandably would appreciate a trial court's recitation, in its termination entry, of the amount of time that a convicted defendant has spent in jail upon a charge for which he was convicted, so that the Department may perform its duty pursuant to R.C. 2967.191. * * * Although we cannot say that a trial court is required by law to recite the amount of pre-sentence jail time in its termination entry, that is, in our view, clearly the better practice." Id. at 3.
 {¶ 33} Although not required to do so, in the nunc pro tunc sentencing judgment entry, the trial court credited appellant 72 days as of April 14, 2005, along with future custody days while he awaited transportation to the appropriate state institution. Nunc Pro Tunc Sentencing Judgment Entry, July 22, 2005, at 4. From the record, it appears that appellant has been continuously incarcerated since August 6, 2005, when he turned himself into the authorities. We are unclear why the trial court only granted appellant 72 days credit for time served. However, since this matter is remanded for resentencing pursuant to Foster, the trial court at that time shall determine the correct amount of time appellant served in lieu of bail and credit him accordingly.
 {¶ 34} Appellant's Third and Fourth Assignments of Error are sustained.
 V {¶ 35} In his Fifth Assignment of Error, appellant maintains the trial court committed prejudicial error when it imposed a lifetime suspension of his driver's license. We disagree.
 {¶ 36} Appellant concedes the trial court was required to impose a driver's license suspension of a definite term of three years to life. See R.C. 2903.06(B)(3). However, appellant argues the lifetime suspension ordered by the trial court was not warranted because he has no significant prior traffic record. Appellant further argues a lifetime suspension should be reserved for the worst offender under the worst circumstances.
 {¶ 37} A sentence that is within the statutory limitations is not excessive. See State v. Juliano (1970), 24 Ohio St.2d 117,120. Under R.C. 2903.06(B)(2)(b), a lifetime suspension of an offender's driver's license is required when the offender is found to have been under the influence of alcohol at the time of the offense. Although appellant was not charged under section (A)(1) of R.C. 2903.06, the record contains evidence that appellant consumed a substantial amount of alcohol prior to the accident. However, by fleeing the scene of the accident, appellant was able to conceal this fact from the authorities. Therefore, it was not possible to charge appellant under R.C.2903.06(A)(1)(a).
 {¶ 38} We conclude that because appellant pled guilty to an offense that permits a lifetime driver's license suspension and the record contains evidence that appellant was intoxicated at the time of the accident, the trial court did not commit prejudicial error when it imposed a lifetime driver's license suspension.
 {¶ 39} Appellant's Fifth Assignment of Error is overruled.
 {¶ 40} For the foregoing reasons, the judgment of the Court of Common Pleas, Morrow County, Ohio, is hereby affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
By: Wise, P.J. Farmer, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split equally between the parties.