[Cite as *State v. Farley*, 2012-Ohio-3620.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 11-COA-042 |
| PHILLIP A. FARLEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Ashland County Court of
Common Pleas, Juvenile Division Case
No. 20114052

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     August 1, 2012

APPEARANCES:

For Appellant:

JOSEPH P. KEARNS, JR.
P.O. Box 345
153 W. Main St.
Ashland, OH 44805

For Appellee:

RAMONA FRANCESCONI ROGERS
ASHLAND COUNTY PROSECUTOR

ANDREW N. BUSH
110 Cottage Street
Ashland, OH 44805

*Delaney, P.J.*

{¶1} Defendant-Appellant Phillip A. Farley appeals his conviction and sentence by the Ashland County Court of Common Pleas, Juvenile Division, for one count of Endangering Children, a first degree misdemeanor in violation of R.C. 2919.22(B)(1). Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} S.B. asked Appellant to babysit her three children on August 3, 2010 because she was scheduled to have outpatient surgery. (T. 27.) The youngest of S.B.'s three children is B.H., born on October 23, 2008. Id. Appellant had known S.B. for a year and was familiar with her children. (T. 120-121.) Appellant is 32 years old. (T. 120.)

{¶3} When S.B. put B.H. to bed on August 2, 2010, she did not notice any bruising or injury to his face. (T. 29.)

{¶4} On August 3, 2010 at 2:00 a.m., Appellant came to S.B.'s apartment, located in Loudonville, Ohio. (T. 123.) Appellant took a nap on the couch downstairs. (T. 123.) At 4:30 a.m., S.B.'s mother picked S.B. up at the apartment and took S.B. to the hospital. (T. 10.) Appellant was awake on the couch and the children were asleep in their room when S.B. left. (T. 29.)

{¶5} S.B.'s mother picked the children up at S.B.'s apartment after the surgery. (T. 11.) Appellant and B.H. were in the house when she arrived. (T. 12-13.) When S.B.'s mother saw B.H., she noticed a mark on his face. (T. 13.) S.B.'s mother testified there was a mark on the right side and the left side of B.H.'s face. (T. 16.) The mark on the left side of B.H.'s face looked like a handprint. (T. 16.)

{¶6} Appellant told S.B.'s mother that B.H. had fallen off the banister and he went to catch B.H. with his hand. (T. 13.) The steps to the apartment do not have a traditional banister on the left side. There is an opening in the wall on the stairs and that is three feet high from the floor of the adjoining room. (T. 37.) B.H. would climb on the wall but S.B. has never seen B.H. fall off the wall. (T. 37.) B.H. was able to go up and down the steps by sliding on the steps. (T. 38.)

{¶7} S.B.'s mother brought the children back to her home. (T. 30.) S.B. saw the mark on B.H.'s face and called the Loudonville Police Department. (T. 33.) The police and paramedics responded. (T. 33.) The paramedics examined B.H. and S.B. did not have B.H. transported to the hospital. *Id.* The Loudonville Police Department took photographs of B.H.'s injuries. (T. 33.)

{¶8} Detective Coey of the Loudonville Police Department interviewed Appellant on August 4, 2010. (T. 42.) Appellant told Det. Coey that B.H. came down the steps and fell over the banister. Appellant was sitting on the couch and he attempted to catch the child as he was falling. (T. 46.)

{¶9} On April 7, 2011, Appellant was charged with one count of Endangering Children in violation of R.C. 2919.22(B)(1), a first degree misdemeanor. Appellant waived his right to a jury trial in writing and in the presence of the trial court on September 22, 2011. The bench trial went forward on September 22, 2011.

{¶10} At trial, S.B.'s mother and S.B. testified. Dr. Richard D. Steiner, of Akron Children's Hospital, testified as to his expert opinion that the injuries on B.H.'s face were the result of physical abuse. (T. 98.) The abusive event was a hand slap. *Id.* In order to reach this opinion, Dr. Steiner reviewed the police photographs and the police

reports.  (T. 82-83.)  Dr. Steiner testified Appellant's explanation for the injuries to B.H.'s face was not congruent with the injuries.  (T. 89.)  If B.H. was falling, a grab on to the face would not be sufficient to cause the injuries, but a hand slap would cause the injuries.  (T. 90.)  The red linear imprints on B.H.'s face were congruent with a hand slap.  (T. 91.)

{¶11} Appellant testified in his own defense.  He testified he was sitting on the couch and he saw B.H. fall.  (T. 127.)  Appellant dove across the room and he grabbed B.H.'s head with two hands.  Id.  Appellant applied ice to the redness to B.H.'s face.  (T. 128.)

{¶12} At the conclusion of the evidence, the trial court found Appellant guilty of one count of Endangering Children.  Appellant was currently incarcerated for felony drug trafficking through a conviction in the Holmes County Court of Common Pleas.  The trial court sentenced Appellant to 120 days in the Ashland County Jail.  The jail sentence was to be served consecutively to the period of incarceration that Appellant was presently serving.  (Judgment Entry, Sept. 22, 2011.)

{¶13} It is from this decision Appellant now appeals.

**ASSIGNMENTS OF ERROR**

{¶14} Appellant raises three Assignments of Error:

{¶15} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ADMITTED THE TESTIMONY OF DR. STEINER WITHOUT PROPER FOUNDATION.

{¶16} "II. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO SERVE HIS MISDEMEANOR SENTENCE CONSECUTIVE TO HIS EXISTING FELONY SENTENCE.

{¶17} "III. THE TRIAL COURT ERR [SIC] IN FINDING THE STATE HAD MET ITS BURDEN OF PROOF AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**ANALYSIS**

*I.*

{¶18} Appellant argues in his first Assignment of Error that the trial court abused its discretion when it admitted the testimony of Dr. Steiner.  We disagree.

{¶19} At trial, Appellant made a continuing objection to the testimony of Dr. Steiner as to his opinion that the series of linear bruises of B.H.'s face were characteristic of a hand slap.  (T. 86.)  The basis of Appellant's objection was a lack of foundation for the admission of Dr. Steiner's ultimate opinion.  Appellant argues Dr. Steiner could not render an opinion because he only reviewed photographs of the injuries and read police reports.  Appellant cites Evid.R. 702 in support of his argument.

{¶20} Evid.R. 702 states:

A witness may testify as an expert if all of the following apply:

(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;

(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;

(C) The witness' testimony is based on reliable scientific, technical, or other specialized information.  To the extent that the testimony reports

the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:

(1) The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;

(2) The design of the procedure, test, or experiment reliably implements the theory;

(3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result.

{¶21} Determinations regarding the admissibility of expert testimony are generally within the discretion of the trial court and, absent an abuse of that discretion, will not be overturned. *Miller v. Bike Athletic Co.*, 80 Ohio St.3d 607, 616, 687 N.E.2d 73 (1998); *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991) ("a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence").

{¶22} Dr. Steiner's testimony qualifies under Evid.R. 702(B) based upon his "specialized knowledge, * * * experience, training, [and] education regarding the subject matter * * *." According to Evid.R. 702(C), his testimony must be based on "reliable * * * specialized information" to be admitted, but because his testimony did not involve scientific or technical testing or procedures, the further requirements of Evid.R. 702(C)(1) to (3) are not at issue.

{¶23} "[A] witness qualified as an expert by knowledge, skill, experience, training or education may have her testimony presented in the form of an opinion or otherwise and it need not be just scientific or technical knowledge. The rule includes more. The phrase 'other specialized knowledge' is found in the rule and, accordingly, if a person has information which has been acquired by experience, training or education which would assist the trier of fact in understanding the evidence or a fact in issue and the information is beyond common experience, such person may testify. * * * [I]n child abuse cases, experts, properly qualified, might include a priest, a social worker or a teacher, any of whom might have specialized knowledge." *State v. Stowers*, 81 Ohio St.3d 260, 690 N.E.2d 881 (1998) citing *State v. Boston*, 46 Ohio St.3d 108, 118-119, 545 N.E.2d 1220.

{¶24} Dr. Steiner testified to his significant experience in child abuse pediatrics. (T. 70.) Dr. Steiner testified he regularly reviewed cases of suspected child abuse through photographs and investigative reports and has enough information to render an opinion. (T. 83.) He discussed the three criteria that he relies on when diagnosing cases of child abuse: history, plausibility, and congruence. (T. 68-71.) He has found it to be a reliable method of diagnosing child abuse and it was a standard practice within the pediatric field to use that criteria. *Id.*

{¶25} Dr. Steiner testified B.H. suffered a high velocity slap to his face based on the breaking of the blood vessels on the face. (T. 86-88.) Comparing Appellant's version of the events causing the injury to the face, Dr. Steiner concluded Appellant's version was not congruent to the injuries. A grab or a squeeze to catch a child falling a few feet would not result in the same injuries. (T. 86.)

{¶26} We find no abuse of discretion to admit the testimony of Dr. Steiner.

{¶27} Appellant's first Assignment of Error is overruled.

*II.*

{¶28} Appellant argues in his second Assignment of Error the trial court erred in sentencing Appellant to serve the misdemeanor sentence in the present case consecutively to his existing felony sentence rendered in a separate case. We disagree.

{¶29} The trial court found Appellant was in violation of R.C. 2919.22(B)(1), a first degree misdemeanor. The trial court sentenced Appellant to 120 days in jail. At the time of trial, Appellant was currently incarcerated under a conviction and sentence for felony drug trafficking by the Holmes County Court of Common Pleas. The trial court in the present case ordered that the jail sentence imposed would be served consecutively to the period of incarceration that Appellant was presently serving on unrelated charges. (Judgment Entry, Sept. 22, 2011.)

{¶30} We find the trial court followed current Ohio sentencing laws to order Appellant to serve his misdemeanor sentence consecutively to an unrelated felony. Prior to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, R.C. 2929.41(A) stated in part: "[e]xcept as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution." In *State v. Butts*, 58 Ohio St,3d 250, 569 N.E.2d 885 (1991), syllabus, the Ohio Supreme Court held that "R.C. 2929.41(A) requires that a sentence imposed for a misdemeanor conviction must be served concurrently with any felony

sentence."  *State v. Foster*, however, declared R.C. 2929.41(A) unconstitutional and severed it from the remainder of the statute.  *Foster*, paragraph three and four of the syllabus.  In the wake of *Foster*, we are left with R.C. 2929.41(B).[1]  *State v. Trainer*, 2nd Dist. No. 08-CA-04, 2009-Ohio-906, ¶ 10, *appeal not allowed*, 122 Ohio St.3d 1478, 2009-Ohio-3625, 910 N.E.2d 477.  *See also State v. Stevens*, 10th Dist. Nos. 10AP-207, 10-AP-208, 2010-Ohio-4747, *appeal not allowed*, 127 Ohio St.3d 1547, 2011-Ohio-647, 941 N.E.2d 805; *State v. Hughley,* 8th Dist. No. 92588, 2009-Ohio-5824, ¶ 10; *State v. Walters,* 6th Dist. No. L-08-1238, 2009-Ohio-3198, ¶ 30; *State v. Terry,* 171 Ohio App.3d 473, 871 N.E.2d 634, 2007-Ohio-1096, ¶ 9; and *State v. Elkins,* 5th Dist. No. 05 CA 0008, 2006-Ohio-3997.

{¶31} R.C. 2929.41(B)(1) states:

A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.

When consecutive sentences are imposed for a misdemeanor under this division, the term to be served is the aggregate of the

---

[1] H.B. 86 was effective on September 30, 2011.  It amended R.C. 2929.41(A).  H.B. 86 stated as to R.C. 2929.41: "In amending division (E)(4) of section 2929.14 and division (A) of section 2929.41 of the Revised Code in this act, it is the intent of the General Assembly to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1.  The amended language in those divisions is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge* (2010), ... Ohio St.3d ..., Slip Opinion No. 2010–Ohio–6320 and, although constitutional under *Hodge*, *supra*, that language is not enforceable until deliberately revived by the General Assembly."

consecutive terms imposed, except that the aggregate term to be served

shall not exceed eighteen months.

{¶32} Governing consecutive misdemeanor and felony sentences is also R.C. 2929.41(B)(3).  It states:

A jail term or sentence of imprisonment imposed for a misdemeanor

violation of section 4510.11, 4510.14, 4510.16, 4510.21, or 4511.19 of

the Revised Code shall be served consecutively to a prison term that is

imposed for a felony violation of section 2903.06, 2903.07, 2903.08, or

4511.19 of the Revised Code or a felony violation of section 2903.04 of

the Revised Code involving the operation of a motor vehicle by the

offender and that is served in a state correctional institution when the

trial court specifies that it is to be served consecutively.

{¶33} In *State v. Trainer*, the Second District Court of Appeals analyzed the impact of *Foster* on R.C. 2929.41(B)(1) and R.C. 2929.41(B)(3):

We concede that the trial court's reading of R.C. 2929.41(B)(1)

renders R.C. 2929.41(B)(3) superfluous. Before it was excised from the

Revised Code, R.C. 2929.41(A) prohibited consecutive misdemeanor

and felony sentences, subject to the exceptions found in R.C.

2929.41(B)(3). Because R.C. 2929.41(A) no longer exists, however, we

are left with R.C. 2929.41(B)(1), which allows consecutive misdemeanor

and felony sentences in all cases, as recognized by the Twelfth District

in *Terry,* supra, and the Fifth District in *Elkins,* supra. To read R.C.

2929.41(B)(3) as identifying the only circumstances under which a trial

court may order consecutive misdemeanor and felony sentences is to ignore the plain language of R.C. 2929.41(B)(1), which states that "[a] jail term or sentence of imprisonment for a misdemeanor shall be served consecutively *to any other prison term* * * * when the trial court specifies that it is to be served consecutively[.]" (Emphasis added). On the other hand, to read R.C. 2929.41(B)(1) as authorizing consecutive misdemeanor and felony sentences in all cases admittedly renders R.C. 2929.41(B)(3) surplusage. But this is a consequence of the Ohio Supreme Court's decision to excise R.C. 2929.41(A) from the Revised Code while leaving R.C. 2929.41(B) intact.

*State v. Trainer*, 2009-Ohio-906, ¶ 19-21,

{¶34} Pursuant to R.C. 2929.41(B)(1), the trial court followed Ohio sentencing laws in ordering Appellant to serve his misdemeanor sentence consecutively to an unrelated felony sentence. See also, *Brown v. Reid*, 8th Dist. No. 94384, 2010-Ohio-527, citing *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, ¶ 11, (holding after *Foster*, a trial court has the authority to impose a prison sentence to be served consecutively to a prison sentence previously imposed on the same offender by another Ohio court).

{¶35} Appellant's second Assignment of Error is overruled.

*III.*

{¶36} Appellant argues in his third Assignment of Error the verdict of the trial court was against the manifest weight of the evidence. We disagree.

{¶37} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). *See also, State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶38} Appellant was charged with Endangering Children in violation of R.C. 2919.22(B)(1). The statute states, "No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age * * * [a]buse the child."

{¶39} Under Section 2901.21(B), if a crime "neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense." "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).

{¶40} S.B. testified that when she put B.H. to bed, he did not have marks on his face. After B.H. woke up, Appellant was the only adult in the home with B.H.

When S.B.'s mother picked up B.H. after S.B.'s surgery, there were marks on B.H.'s face. Appellant testified he caused the marks on B.H.'s face when he caught B.H. after B.H. fell from the banister. Dr. Steiner testified in his opinion that grabbing a child would not cause the injuries to B.H.'s face; rather, the injuries were demonstrative of a hand slap.

{¶41} An appellant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. *State v. Raver*, 10th Dist. No. 02AP–604, 2003-Ohio-958, ¶ 21. Neither is a conviction against the manifest weight of the evidence because the trier of fact believed the state's version of events over the appellant's version. *State v. Gale*, 10th Dist. No. 05AP–708, 2006–Ohio–1523, ¶ 19; *State v. Williams*, 10th Dist. No. 08AP719, 2009–Ohio–3237, ¶ 17. The trier of fact is free to believe or disbelieve all or any of the testimony. *State v. Jackson*, 10th Dist. No. 01AP–973, 2002 WL 416994 (Mar. 19, 2002); *State v. Sheppard*, 1st Dist. No. C–000553, 2001 WL 1219765 (Oct. 12, 2001). The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. *State v. Williams*, 10th Dist. No. 02AP–35, 2002–Ohio–4503, ¶ 58; *State v. Clarke*, 10th Dist. No. 01AP–194, 2001 WL 1117575 (Sept. 25, 2001). Consequently, an appellate court must ordinarily give great deference to the fact finder's determination of the witnesses' credibility. *State v. Covington*, 10th Dist. No. 02AP–245, 2002–Ohio–7037, ¶ 28; *State v. Hairston*, 10th Dist. No. 01AP–1393, 2002–Ohio–4491, ¶ 74.

{¶42} Based on the evidence presented, we cannot say the trial court lost its way and created a manifest miscarriage of justice when it convicted Appellant of Endangering Children.

{¶43} Appellant's third Assignment of Error is overruled.

**CONCLUSION**

{¶44} For the foregoing reasons, Appellant's three Assignments of Error are overruled.

{¶45} The judgment of the Ashland County Court of Common Pleas, Juvenile Division, is affirmed.

By: Delaney, P.J.

Hoffman, J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


PAD:kgb

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO       :
             :
 Plaintiff - Appellee   :   JUDGMENT ENTRY
             :
             :

-vs-                                     :
                                         :        Case No.    11-COA-042
PHILLIP A. FARLEY                        :
                                         :
    Defendant - Appellant                :
                                         :

    For the reasons stated in our accompanying Opinion on file, the judgment of the

Ashland County Court of Common Pleas, Juvenile Division, is affirmed.    Costs

assessed to Appellant.


                                    _____
                                    HON. PATRICIA A. DELANEY


                                    _____
                                    HON. WILLIAM B. HOFFMAN


                                    _____
                                    HON. JOHN W. WISE