OPINION
{¶ 1} Defendant-Appellant, Jennifer A. Elchert, appeals a judgment of the Seneca County Court of Common Pleas, sentencing her upon her plea of guilty to endangering children and her admission that she had violated the conditions of her community control. On appeal, Elchert contends that the trial court erred in ordering that her sentence for the endangering children, a misdemeanor, be served consecutively to the prison sentence imposed for her prior felony offense. Finding that the trial court was without discretion to impose a misdemeanor sentence consecutive to that of a previously imposed felony prison term, the judgment of the trial court is reversed.
 {¶ 2} In 2001, Elchert was indicted in Seneca County case number 00-CK-1094. In July of 2001, Elchert was sentenced in that case to a three-year term of community control for attempted endangering children in violation of R.C. 2923.02 and 2919.22(B), a felony of the fourth degree. Elchret was ordered to serve a thirty day jail sentence, in addition to other conditions of community control. At the time that she was sentenced, Elchert was informed by the trial court that should she violate the terms of her community control, she would receive a seventeen month prison sentence. Elchert served her thirty day jail sentence at the time that her original sentence was imposed.
 {¶ 3} In January of 2004, police and emergency response teams responded to a 911 call from the Elchert residence. Upon arrival, one of the Elchert's four month old twins was pronounced dead. Upon further investigation, the baby was found to have suffered from Sudden Infant Death Syndrome. In April of 2004, Elchert was indicted for endangering children in violation of R.C. 2919.22(B)(2) and 2923.03, a felony of the fourth degree.
 {¶ 4} In August of 2004, Elchert entered a plea of guilty to the lesser included offense of endangering children in violation of R.C.2919.22(A) and (E)(2)(a), a first degree misdemeanor. Additionally, Elchert admitted allegations of various violations of her community control in case number 00-CK-1094.
 {¶ 5} In October of 2004, a joint sentencing hearing was held to impose sentences for both the community control violations as well as the misdemeanor endangering children offense. At the sentencing hearing, following extensive arguments by counsel and victim's advocates, the trial court first imposed a seventeen month sentence of imprisonment for the community control violations in case number 00-CK-1094. Following the imposing of the sentence of prison for the old case, the trial court then imposed a sentence of one hundred and eighty days for the endangering children offense to be served consecutively to the prison sentence imposed in case number 00-CK-1094. It is from this judgment Elchert appeals, presenting the following assignment of error for our review.
The trial court erred by imposing a county jail sentence for amisdemeanor offense to be served upon completion of and consecutively toa sentence of imprisonment for a felony offense.
 {¶ 6} In her sole assignment of error, Elchert asserts that the trial court erred in ordering that her sentence in the present misdemeanor endangering children offense be served consecutive to the felony prison sentence in case number 00-CK-1094. Specifically, Elchert argues that R.C. 2929.41(A) precludes a trial court from ordering misdemeanor sentences to be served consecutively to felony prison sentences. We agree.
 {¶ 7} R.C. 2929.41 provides in pertinent part:
(A) * * * Except as provided in division (B)(3) of this section, a jailterm or sentence of imprisonment for misdemeanor shall be servedconcurrently with a prison term or sentence of imprisonment for felonyserved in a state or federal correctional institution. * * *
(3) A jail term or sentence of imprisonment imposed for a misdemeanorviolation of section 4510.11, 4510.14, 4510.16, 4510.21, or 4511.19 ofthe Revised Code shall be served consecutively to a prison term that isimposed for a felony violation of section 2903.06, 2903.07, 2903.08, or4511.19 of the Revised Code or a felony violation of section 2903.04 ofthe Revised Code involving the operation of a motor vehicle by theoffender and that is served in a state correctional institution when thetrial court specifies that it is to be served consecutively.
 When consecutive jail terms or sentences of imprisonment and prisonterms are imposed for one or more misdemeanors and one or more feloniesunder this division, the term to be served is the aggregate of theconsecutive terms imposed, and the offender shall serve all terms imposedfor a felony before serving any term imposed for a misdemeanor
(Emphasis added.)
 {¶ 8} In State v. Downing, 3d Dist. No. 11-02-07, 2002-Ohio-6310, this Court addressed the issue of whether the same court may run a subsequent misdemeanor sentence consecutive to a prior felony sentence of imprisonment. In Downing, we addressed the exact same language of R.C.2929.41(A) in holding that "the trial court erred ordering Appellant's misdemeanor sentence to run consecutively with his previously imposed felony sentence." Id. at ¶ 11.
 {¶ 9} Finding that the language of R.C. 2929.41(A) remains unchanged and that Elchert falls outside the exceptions provided for in R.C.2929.41(B)(3), it is clear that based on our holding in Downing the trial court's order that Elchert's misdemeanor sentence run consecutively to the felony prison sentence is error.
 {¶ 10} While the State attempts to argue that at time that the trial court ordered Elchert's misdemeanor sentence to be run consecutively to case number 00-CK-1094 she had not yet been sentenced to prison in that case, upon review of the record, we find the State's argument to be mistaken. At the sentencing hearing, the trial court clearly imposed a seventeen month prison term in 00-CK-1094 prior to her being sentenced upon the misdemeanor endangering children offense. Accordingly, followingDowning, the trial court was without discretion to impose a misdemeanor sentence consecutive to a felony prison sentence pursuant to R.C.2929.41(A).
 {¶ 11} Additionally, the State argues that pursuant to State v.Rarden, 12th Dist. No. CA2002-04-080, 2003-Ohio-3067, and State v. Keys
(Sept. 29, 2000), 10th Dist. No. 99AP-1116, the imposition of a sentence on revocation of a felony community control violation simply does not retroactively raise R.C. 2929.41. Both Rarden and Keyes are clearly distinguishable from the case sub judice. In both, the defendants were charged and convicted of both a felony and a misdemeanor; the defendants were originally sentenced to community control on the felony charge and to jail time on the misdemeanor charge; the defendants were subsequently sentenced to a term of imprisonment for violating community control; and, the defendants were seeking to obtain jail time credit for days spent in jail pursuant to R.C. 2929.41. Rarden, supra; Keys, supra. Where the court was asked to grant jail time credit for a previously served misdemeanor jail sentence, the Tenth and Twelfth Districts refused to apply R.C. 2929.41(A) retroactively. Id. This is not the issue before us.
 {¶ 12} Finding that the trial court erred in ordering Elchert's misdemeanor sentence be imposed consecutive to the felony prison sentence in case number 00-CK-1094, we sustain the sole assignment of error.
 {¶ 13} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 Cupp, P.J., and Shaw, J., concur.