OPINION
{¶ 1} Defendant-Appellant, Jennifer Elchert, appeals a judgment of the Seneca County Court of Common Pleas, re-imposing sentencing following her release from the Seneca County Jail on a misdemeanor endangering children charge. On appeal, Elchert asserts that the trial court erred in re-imposing her misdemeanor sentence. Finding that the trial court was authorized to require Elchert to serve her sentence intermittently, we affirm the judgment of the trial court.
 {¶ 2} In January of 2004, police and emergency response teams responded to a 911 call from the Elchert residence. Upon arrival, one of the Elchert's four month old twins was pronounced dead. Upon further investigation, the baby was found to have suffered from Sudden Infant Death Syndrome. In April of 2004, Elchert was indicted for endangering children in violation of R.C. 2919.22(B)(2) and 2923.03, a felony of the fourth degree.
 {¶ 3} In August of 2004, Elchert entered a plea of guilty to the lesser included offense of endangering children in violation of R.C.2919.22(A) and (E)(2)(a), a first degree misdemeanor. Additionally, Elchert admitted allegations of various violations of her community control in an earlier case.
 {¶ 4} In October of 2004, a joint sentencing hearing was held to impose sentences for both the community control violations as well as the misdemeanor endangering children offense. At the sentencing hearing, the trial court imposed a seventeen month sentence of imprisonment for the community control violations in the earlier case. Additionally, the trial court imposed a sentence of one hundred and eighty days for the endangering children offense, which was to be served consecutively to prison sentence imposed for the community control violations in the earlier case. Subsequently, Elchert appealed her sentence.[1]
 {¶ 5} While her appeal was pending, Elchert filed a motion for judicial release in the earlier felony case. In her motion for judicial release, Elchert asserted that judicial release in that case should be granted because she was pregnant and needed to obtain prenatal care. The trial court granted Elchert judicial release on the felony case. At the hearing on Elchert's motion for judicial release, the trial court noted that it would also consider releasing her on the misdemeanor offense as well. Specifically, the trial court stated "that I am ordering her released from Seneca County Jail on the misdemeanor charge as well" and that the trial court "may or may not reimpose (sic.) at that time depending on what happens." Finally, the trial court's judgment entry stated that Elchert was to "be released from the custody of the Sheriff of Seneca County until further order of the Court."
 {¶ 6} In April of 2005, the State filed a motion to reinstate Elchert's sentence for the misdemeanor charge. Subsequently, a hearing on the State's motion was held. The trial court found that the State's motion was well taken and remanded Elchert into the custody of the Seneca County Sheriff for the completion of her misdemeanor sentence. It is from this judgment Elchert appeals, presenting the following assignment of error for our review.
THE COURT ERRED BY RE-IMPOSING THE APPELLANT'S MISDEMEANOR SENTENCEAFTER SHE GAVE BIRTH TO HER TWIN CHILDREN.
 {¶ 7} In Elchert's sole assignment of error, she asserts that the trial court erred in re-imposing her misdemeanor sentence, following the birth to her children. We disagree.
 {¶ 8} Elchert specifically argues that the trial court was without authority to re-impose her sentence without a finding that she violated of her judicial release. However, upon review of the record it is clear that Elchert was not placed on judicial release for the misdemeanor offense. As noted above, in the misdemeanor case the trial court merely released Elchert from the sheriff's custody until further notice.
 {¶ 9} R.C. 2929.24 sets forth the jail terms for misdemeanor sentences. Subpart (A)(1) provides that trial court may impose a jail term of not more than one hundred and eighty days for a misdemeanor of the first degree. Additionally, subpart (B) provides that "[a] court that sentences an offender to a jail term under this section may permit the offender to serve the sentence in intermittent confinement."
 {¶ 10} Here, the trial court sentenced Elchert to a one hundred and eighty day jail term for her first degree misdemeanor offense. Having properly sentenced her under R.C. 2929.24(A)(1), we find that the trial court was authorized to permit Elchert to serve her sentence intermittently. With the November 2004 judgment entry, the trial court was authorized to have Elchert released from the sheriff's custody, in order to have her babies. While it would be a better practice for the trial court to specify a date certain for the misdemeanant to return to jail from such intermittent release, we are satisfied that the trial court had the authority to require Elchert to complete her sentence after the birth of her children.
 {¶ 11} Accordingly, the sole assignment of error is overruled.
 {¶ 12} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp, P.J., and Bryant, J., concur.
[1] In May of 2005, the trial court re-sentenced Elchert's in conformity with this Court's opinion in State v. Elchert, 3d Dist. No. 13-04-42, 2005-Ohio-2250.