JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Brian McCauley, appeals his sentence imposed following his no contest plea to a twenty-count indictment. Defendant was charged with seventeen counts of receiving stolen property (R.C. 2913.51), one count of theft (R.C. 2913.02), and one count of possessing criminal tools (R.C. 2923.24), all fifth-degree felonies. He was also charged with one misdemeanor count of carrying a concealed weapon (R.C. 2923.12). All the crimes were charged in connection with defendant's taking purses from unattended vehicles parked in cemeteries. Defendant, who was thirty-nine years old at the time of the instant offenses, had a long-standing drug problem but no prior criminal history.
 {¶ 2} The trial court sentenced defendant to a total five-year term of imprisonment: ten consecutive six-month terms on felony counts nine through eighteen, to run concurrently with six-month terms on the remaining felony counts and a six-month term on the misdemeanor count.
 {¶ 3} Defendant timely appealed his sentence and asserted four assignments of error. As the state correctly concedes, all of defendant's assignments of error have merit. We, therefore, vacate his sentence and remand the case for resentencing for the reasons stated below.
Failure to Advise Defendant Regarding Postrelease Control
 {¶ 4} As to defendant's first assignment of error, it is undisputed that the trial court failed to advise defendant at sentencing of the definite period of time for which he could be placed on postrelease control. As this court has held, when a trial court fails to notify the defendant of the postrelease control portion of the sentence at the sentencing hearing, the sentence must be vacated and remanded for resentencing. State v.Craddock, Cuyahoga App. No. 85175, 2005-Ohio-2839.
 {¶ 5} The trial court thus erred when it failed to inform defendant about the possible time period of postrelease control. As the state concedes, defendant's first assignment of error must be sustained.
Sentence Illegal Under State v. Foster
 {¶ 6} The arguments raised by defendant in support of his second and third assignments of error regarding the trial court's imposition of consecutive terms of imprisonment have been fully addressed by the Ohio Supreme Court in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. As the state concedes, because defendant's sentence was imposed pursuant to statutes deemed unconstitutional in Foster, his second and third assignments of error are sustained.
Misdemeanor Sentence
 {¶ 7} In the fourth assignment of error, both parties argue that the trial court's
 {¶ 8} journal entry erroneously ordered the misdemeanor sentence to be served consecutively to the felony sentence. We agree. R.C. 2929.41(A) clearly states that a misdemeanor sentence of imprisonment must run concurrently with a sentence of imprisonment for a felony. See also State v. Elchert, Seneca App. No. 13-04-42, 2005-Ohio-2250, ¶ 12. Defendant's fourth assignment of error is thus sustained.
 {¶ 9} For all the foregoing reasons, defendant's sentence is hereby vacated and the case remanded for resentencing in accordance with this opinion.
 APPENDIX ASSIGNMENTS OF ERROR
I. THE SENTENCE MUST BE VACATED BECAUSE THE TRIAL COURT FAILED TO FULLY ADVISE MR. McCAULEY ABOUT Postrelease CONTROL AT SENTENCING.
II. THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE TERMS OF IMPRISONMENT WITHOUT MAKING THE REQUISITE FINDINGS WITH ADEQUATE REASONS IN SUPPORT THEREOF.
III. THE TRIAL COURT VIOLATED DEFENDANT'S SIXTH AMENDMENT RIGHT TO A TRIAL BY JURY WHEN IT IMPOSED CONSECUTIVE TERMS OF IMPRISONMENT (WASHINGTON V. BLAKELY).
IV. THE JOURNAL ENTRY MUST BE CORRECTED TO REFLECT THAT COUNT NINETEEN'S TERM OF IMPRISONMENT RUNS CONCURRENTLY WITH THE OTHER TERMS.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., concurs. Dyke, P.J., Concurs in Judgment Only.