The STATE of Ohio, Appellee,

v.

TERRY, Appellant.

[Cite as *State v. Terry*, 171 Ohio App.3d 473, 2007-Ohio-1096.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2006–05–107.

Decided March 12, 2007.

Robin N. Piper, Butler County Prosecuting Attorney, and Gloria J. Sigman, Assistant Prosecuting Attorney, for appellee.

John H. Forg III, for appellant.

YOUNG, Presiding Judge.

{¶ 1} Defendant-appellant, Keith Terry, appeals a decision of the Butler County Court of Common Pleas that ordered a misdemeanor sentence for violation of community control to run consecutively to an otherwise unrelated felony sentence.

{¶ 2} In October 2005, appellant was convicted of telecommunications harassment in violation of R.C. 2917.21(B), a misdemeanor of the first degree. The trial court sentenced appellant to six months in jail, suspended that sentence, and placed him on community control for five years. Several months later, appellant pleaded guilty on a bill of information to one count of telecommunications harassment in violation of R.C. 2917.21(A), a felony of the fifth degree, and one count of menacing by stalking in violation of R.C. 2903.211(A), a misdemeanor of the first degree. The new charges were for an unrelated incident, but involved the same victim. The trial court sentenced appellant on the new charges to 12 months in prison. Meanwhile, appellant was charged with violating his community control and returned to court for a hearing. On May 3, 2006, upon finding that appellant had violated his community control, the trial court imposed the original sentence of six months in jail and specifically ordered that it run consecutively to the prison sentence. This appeal follows.

{¶ 3} In a single assignment of error, appellant argues that the trial court erred when it ordered the misdemeanor jail sentence to be served consecutively to the felony prison sentence. Appellant cites R.C. 2929.41(A) in support of his argument that any sentence for a misdemeanor must run concurrently to any prison term imposed for a felony. We disagree.

{¶ 4} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held that portions of Ohio's statutory sentencing scheme violated the Sixth Amendment to the United States Constitution per *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. Relevant to this appeal, the Supreme Court found that R.C. 2929.14(E)(4) and 2929.41(A) were unconstitutional because they required judicial fact-finding before the imposition of consecutive sentences. *Foster* at paragraph three of the syllabus. To remedy the constitutional violation, the court severed R.C. 2929.14(E)(4) and 2929.41(A) from the remaining statutory provisions. Id. at paragraph four of the syllabus.

{¶ 5} Appellant's argument and the decisions he cites[1] in support are therefore predicated upon a statutory provision that no longer exists. R.C.

---

1. See *State v. Davis*, Lorain App. No. 05CA008668, 2005-Ohio-5943, 2005 WL 2995123; *State v. Elchert*, Seneca App. No. 13–04–42, 2005-Ohio-2250, 2005 WL 1077534; *State v. Downing*,

2929.41(B), however, allows a trial court to order a defendant to serve a misdemeanor sentence consecutively to a felony sentence:

{¶ 6} "A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment *when the trial court specifies that it is to be served consecutively* or when it is imposed for a misdemeanor violation of [R.C.] 2907.322, 2921.34, or 2923.131." (Emphasis added.)

{¶ 7} In *State v. Elkins*, Morrow App. No. 05 CA C 0008, 2006-Ohio-3997, 2006 WL 2218228, the Fifth Appellate District found that "Section (B) of R.C. 2929.41 is the applicable law since Section (A) has been declared unconstitutional." Id. at ¶ 26. In the case at bar, the trial court specifically ordered in its May 3, 2006 sentencing entry that the misdemeanor jail sentence be served consecutively to the felony prison sentence. Accordingly, under R.C. 2929.41(B), the trial court did not err when it ordered the misdemeanor jail sentence to be served consecutively to the felony prison sentence. See id.

{¶ 8} We note that there is disharmony in *Foster* between the syllabus and the text of the opinion in that while the syllabus holds that R.C. 2929.41(A) is unconstitutional and excised, the text of the opinion holds that R.C. 2929.41 is excised in its entirety. Compare *Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, at paragraphs three and four of the syllabus, with *Foster* at ¶ 97. The text of the opinion subsequently reads that R.C. 2929.41(A) is excised at ¶ 99.

{¶ 9} It is well established that when a statement in a Supreme Court opinion conflicts with the rule of law established in the syllabus, the syllabus controls. *Akers v. Serv–A–Portion, Inc.* (1987), 31 Ohio St.3d 78, 79, 31 OBR 190, 508 N.E.2d 964, fn. 1. See, also, S.Ct.R.Rep.Op. 1(B)(2) ("If there is disharmony between the syllabus of [an Ohio Supreme Court] opinion and its text or footnotes, the syllabus controls"). It follows then that while R.C. 2929.41(A) is unconstitutional and no longer exists after *Foster*, R.C. 2929.41(B) is still constitutional and has not been severed from the remaining statutory provisions.

{¶ 10} Appellant's assignment of error is overruled.

{¶ 11} The judgment is affirmed.

Judgment affirmed.

BRESSLER and WALSH, JJ., concur.

---

Paulding App. No. 11–02–07, 2002-Ohio-6310, 2002 WL 31618494; and *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874.