OPINION
{¶ 1} Defendant-appellant Brian S. Trainer appeals the sufficiency of multiple guilty pleas offered before the Champaign County Court of Common Pleas asserting that said pleas were not entered into in a knowing, intelligent, or voluntary fashion. *Page 2 
 I Case No. 2004 CR 121
 {¶ 2} On June 17, 2004, Trainer was charged by indictment with thirteen counts of forgery, all felonies of the fifth degree in violation of R.C. § 2913.31(A)(3), and one count of theft, a fifth degree felony, in violation of R.C. § 2913.02(A)(1). Trainer was eventually charged by way of a bill of information with two additional counts of felony theft. On August 9, 2004, Trainer entered into a stipulated plea agreement with the State. Pursuant to the agreement, Trainer pled guilty to the single count of theft as charged in the indictment, as well as the two counts of theft contained in the bill of information. In return, the State dismissed all thirteen counts of forgery with prejudice.
 {¶ 3} On September 29, 2004, the trial court accepted Trainer's plea and imposed a sentence of three (3) years of community control, imposed a fine of $150.00, ordered restitution in the amount of $2,581.97, and ordered Trainer to successfully complete the Teen Challenge Residential Substance Abuse Program. The trial court, however, reserved the imposition of three (3) consecutive eleven (11) month prison terms if Trainer's community control was revoked.
Case No. 2005 CR 139
 {¶ 4} On June 16, 2005, Trainer was indicted for one count of burglary, a third degree felony, in violation of R.C. § 2911.12(A)(3); one count of theft, a fifth degree felony, in violation of R.C. §2913.02(A)(1)(B)(2); one count of forgery, a fifth degree felony, in violation of R.C. § 2913.31(A)(3); one count of possession of cocaine, a fifth degree felony, in violation of R.C. § 2925.11(A)(C)(4)(a); one count of possession of criminal tools, a fifth degree felony, *Page 3 
in violation of R.C. § 2923.24(A)(B)(C); and one count of tampering with evidence, a third degree felony, in violation of R.C, § 2921.12(A)(1).
 {¶ 5} On July 29, 2005, Trainer pled guilty to one count each of burglary, forgery, and possession of cocaine. In return for Trainer's guilty pleas, the State dismissed the remaining charges and promised to "recommend that if community control is revoked in this case, that any sentence imposed by the Court run concurrently to the defendant's 2004 [CR 121] sentence."
 {¶ 6} At the sentencing hearing held on September 12, 2005, the trial court explained the maximum penalties that could be imposed and indicated that the court was "not required to follow anyone's suggestions or recommendations." The court further explained that it "makes its decision based on the facts of the case, the circumstances of everybody involved, and the law that applies." The trial court then accepted Trainer's guilty plea and sentenced him to four (4) years of community control supervision, imposed a fine of $200.00, suspended his driver's license for one (1) year, and ordered Trainer to complete the Nova House Residential Treatment Program. Lastly, the trial court reserved the right to impose a prison term of five (5) years in Case No. 2005 CR 139, to be served consecutively to the prison term in Case No. 2004 CR 121, if Trainer's supervision was revoked.
Case No. 2005 CR 265
 {¶ 7} On December 15, 2005, Trainer was indicted yet again and charged with one count of escape, a third degree felony, in violation of R.C. § 2921.34(A)(1)(C)(2)(b); one count of failure to comply with the signal or order of a police officer, a third degree felony, in violation of R.C. § 2921.331(B)(C)(5)(a)(ii); one count of possession of cocaine, a fifth degree felony, in violation of R.C. § 2925.11(A)(C)(4)(a); one count of tampering with evidence, a *Page 4 
third degree felony, in violation of R.C. § 2921.12(A)(1); and one count of resisting arrest, a second degree misdemeanor, in violation of R.C. § 2921.33(A).
 {¶ 8} On April 20, 2006, Trainer pled guilty to one count of failure to comply with the signal or order of a police officer, possession of cocaine, and resisting arrest. Pursuant to negotiations with the State, the remaining charges were dismissed with prejudice. At the plea hearing, the trial court informed Trainer of his rights, including specifically his eligibility to petition for judicial release.
 {¶ 9} On June 19, 2006, a community control violation hearing for Case Nos. 2004 CR 121 and 2005 CR 139 was held simultaneously with the sentencing hearing in Case No. 2005 CR 265. The trial court revoked community control in the earlier two cases and imposed a combination of consecutive and concurrent sentences in each case for an aggregate prison term of eleven (11) years and three months. The trial court filed its final judgment entry in this matter on June 29, 2006.
 {¶ 10} It is from this judgment which Trainer now appeals.
 II {¶ 11} Trainer's first assignment of error is as follows:
 {¶ 12} "APPELLANT'S GUILTY PLEAS IN CASE NO. 2005 CR 265 WERE NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY ENTERED WHERE THE TRIAL COURT MISINFORMED HIM THAT HE WOULD BE ELIGIBLE TO FILE FOR JUDICIAL RELEASE AND SUBSEQUENTLY IMPOSED A STATED PRISON TERM OF MORE THAN TEN YEARS RENDERING HIM INELIGIBLE TO FILE FOR JUDICIAL RELEASE"
 {¶ 13} In his first assignment, Trainer contends that his guilty plea was not knowingly, *Page 5 
intelligently, or voluntarily made because the trial court misinformed him that he would be eligible to file for judicial release before it imposed a prison term in excess of ten years which rendered him ineligible to file for judicial release. Trainer asserts that the trial court did not substantially comply with the mandate in Crim. R. 11(C) when it informed him that he would be eligible for judicial release when, in fact, Trainer is ineligible given that the sentence imposed is in excess of ten years.
 {¶ 14} Crim R. 11(C)(2)(a) states in pertinent part:
 {¶ 15} "(2) In felony cases, the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 16} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
 {¶ 17} "* * * Implicit in the duty imposed by Crim. R. 11(C)(2)(a) to determine that the defendant understands that he is ineligible for community control sanctions is the further duty to determine that healso understands he is ineligible for judicial release, which results in the imposition of community control sanctions." State v. Pape (Nov. 21, 2001), Clark App. No. 2000 CA 98, 2001-Ohio-1827.
 {¶ 18} In the instant case, the following exchange occurred between the trial court and Trainer at the sentencing hearing in Case No. 2005 CR 265:
 {¶ 19} "The Court: If you go to prison at any time, you need to remember the idea of *Page 6 
judicial release and post-release control.
 {¶ 20} "Judicial release means after you've been in prison a certain period of time, you or someone on your behalf can file a written request asking to be released from prison early. If that request is properly filed, the Court's required to consider it.
 {¶ 21} "The Court can either grant or deny the request. If the request is granted, you're released from prison early and returned to community control. If your request is denied, you'll remain in prison to complete your sentence.
 {¶ 22} "Do you understand that?
 {¶ 23} "Trainer: Yes, I do, sir."
 {¶ 24} In order to comply with due process requirements, a defendant who enters a plea in criminal case must enter said plea knowingly, intelligently, and voluntarily. State v. Engle (1996),74 Ohio St.3d 525, 660 N.E.2d 450. A determination of whether a plea was entered knowingly, intelligently, and voluntarily is based upon a review of the record. State v. Spates (1992), 64 Ohio St.3d 269, 271, 595 N.E.2d 351. In determining whether a defendant understands his plea, the trial court may consider the surrounding circumstances, such as the dialogue between the court and the defendant and the defendant's demeanor. State v.McDowell (Jan. 16, 1997), Cuyahoga App. No. 70799. The colloquy between the trial court and defendant required by Crim. R. 11 encompasses constitutional procedural requirements. State v. Johnson (1988),40 Ohio St.3d 130, 133, 532 N.E.2d 1295.
 {¶ 25} After a thorough review of the record, we hold that the trial court erred by essentially informing Trainer that he would be eligible for judicial release when, in fact, he was not because the trial court subsequently sentenced Trainer to a prison sentence in excess of ten *Page 7 
years which rendered him ineligible for judicial release. Thus, Trainer's guilty plea was not made knowingly or intelligently because of the incorrect information given to him by the court prior to his guilty plea. As we recently stated in State v. Oldham (Sep. 28, 2007), Montgomery App. No. 21777, 2007-Ohio-5184:
 {¶ 26} "It is commendable that some trial judges go beyond the express requirements of Crim. R. 11(C) in assuring that pleas are knowingly and voluntarily made. In doing so, the trial judge must impart accurate information. This didn't happen here."
 {¶ 27} We, therefore, conclude that Trainer's guilty pleas in Case No. 2005 CR 265 were neither knowingly, voluntarily, nor intelligently made due to the trial court's inaccurate information with respect to the availability of judicial release.
 {¶ 28} Trainer's first assignment of error is sustained.
 III {¶ 29} Trainer's second assignment of error is as follows:
 {¶ 30} "APPELLANT'S GUILTY PLEAS IN CASE NO. 2005 CR 139 WERE NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY ENTERED WHERE THEY WERE INDUCED BY AN UNFULFILLED PROMISE BY THE STATE"
 {¶ 31} At issue in the instant assignment is whether the State promised to make a future recommendation for concurrent sentences at a revocation hearing if Trainer were to receive a sentence of community control which was later revoked and an actual prison term imposed. The State summarized its plea agreement with Trainer at the plea hearing held on July 29, 2005, as follows:
 {¶ 32} "The State has agreed to recommend in this case that residential community *Page 8 
control sanctions be imposed at sentencing with the specific condition the Defendant successfully complete the Nova House program.
 {¶ 33} "The State has also agreed to recommend that if community control is revoked in this case that any sentence imposed by the Court run — it actually says consecutively but actually it should say concurrently to the Defendant's 2004 sentence."
 {¶ 34} Trainer contends that the first paragraph above "refers to the recommendation that would be made at the initial sentencing hearing as a result of the plea of guilty being entered." Additionally, Trainer asserts that the second paragraph of the promises made by the State as an inducement of his guilty pleas spoke of a future recommendation that would be made at the revocation hearing if Trainer received a sentence to community control and that sentence was later revoked. Thus, Trainer argues that the State was required to recommend that the trial court impose concurrent sentences in Case Nos. 2005 CR 139 and 2004 CR 121 at the combined revocation/sentencing hearing held on June 19, 2006.
 {¶ 35} At that hearing, the State did not recommend concurrent sentences, but instead recommended that the trial court impose "the five years [imprisonment] that the court had imposed at the September 12 sentencing of 2005." The State, however, correctly points out in its appellate brief that the trial court did not accept the State's recommendation of concurrent sentences at the September 12, 2005, sentencing hearing and expressly imposed consecutive sentences in Case No. 2005 CR 139 if community control was later revoked. For that reason, the State argues that its obligations to Trainer were satisfied at the September 12, 2005 hearing, and there was no continuing obligation to recommend concurrent sentences at the later revocation hearing. *Page 9 
 {¶ 36} Trainer responds by alleging that the State's argument ignores the fact that when a defendant is sentenced to a term of community control, and the trial court chooses to reserve a specific prison term for a violation of community control (as was done in the instant case), the trial court remains free under R.C. § 2929.15(B) to impose a lesser term of imprisonment than what it had pronounced at an earlier date. Trainer's reliance on R.C. § 2929.15(B) is misplaced.
 {¶ 37} R.C. § 2929.15(B)(5) requires the trial court to indicate the "specific term" the defendant faces upon a violation of his community control sanctions. This term, however, is not necessarily what the offender will receive if a violation occurs. "Recognizing that community control violations can range from relatively minor to very major. . ., R.C. § 2929.15(B) gives the trial judge wide discretion when sentencing a violator." State v. Brooks (2004), 103 Ohio St.3d 134, 139,814 N.E.2d 837, 842, 2004-Ohio-4746. Upon a violation of community control sanctions, "the trial court may impose (1) a longer time of community control under the same sanction, (2) a more restrictive sanction, thereby changing the conditions of community control, or (3) a prison term. Id. citing R.C. § 2929.15(B). The trial court may, however, "choose to impose a lesser term of imprisonment than the one the offender was informed of under R.C. § 2929.15(B)(5)." Id.
 {¶ 38} Although Trainer correctly states that R.C. § 2929.15(B) allows a trial court to impose a lesser sentence than the "specific term" stated under R.C. § 2929.19(B)(5), the statute does not extend the obligation of the State pursuant to any previously entered plea agreements. Thus, in the instant case, the State satisfied its obligation to Trainer by recommending concurrent sentences at the July 29, 2005, plea hearing and again at the September 12, 2005, sentencing hearing. The trial court, however, chose to reject that recommendation, not *Page 10 
surprising given Trainer's continued felony offenses.
 {¶ 39} Trainer's second assignment of error is overruled.
 IV {¶ 40} Trainer's third assignment of error is as follows:
 {¶ 41} "APPELLANT'S GUILTY PLEAS IN CASE NO. 2005 CR 139 WERE NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY ENTERED WHERE THE TRIAL COUNSEL FAILED TO INFORM APPELLANT THAT THE PROMISES MADE BY THE STATE IN EXCHANGE FOR THE GUILTY PLEAS WERE NOT BINDING UPON THE COURT."
 {¶ 42} In his third assignment, Trainer contends that his guilty pleas in Case No. 2005 CR 139 were not knowing and voluntary because the trial court did not "conspicuously" inform him that it was not bound by the sentencing recommendations made by the State in exchange for the guilty pleas. Trainer's assertions in this regard, however, are undermined by the record.
 {¶ 43} At the plea hearing held on July 29, 2005, the trial court stated in pertinent part:
 {¶ 44} "The Court: Your lawyer and the Prosecutor have talked with each other about this case. I've not been involved in their conversations in any way. I have not suggested to them or to anyone what will be done concerning your case. All the lawyers know is [that] I'll follow the law.
 {¶ 45} "Do you realize that?
 {¶ 46} "Trainer: Yes, sir.
 {¶ 47} "The Court: At the time of sentencing, whenever that is, the lawyers make suggestions or recommendations and the Court listens to everything that is presented. The *Page 11 Court is not required to follow anyone's suggestions orrecommendations. The Court makes its decision based on the facts of the case, the circumstance of everybody involved, and the law that applies.
 {¶ 48} "Do you understand all that?
 {¶ 49} "Trainer: Yes, sir."
 {¶ 50} In light of the statements made by the trial court to Trainer during the plea hearing on July 29, 2005, we find that Trainer was made sufficiently aware that the court was not bound by the suggestions or recommendations of the State or defense counsel when determining the sentence to impose. The transcript reflects a clear statement by the trial court that it would not be bound by any recommendations from either party. Moreover, the court elicited from Trainer his personal acknowledgment that he understood that the court would not be bound by any recommendation.
 {¶ 51} Under these circumstances, Trainer merely hoped that the trial court would follow the recommendation of the State and defense counsel, and impose concurrent sentences. However, the trial court made it abundantly clear to Trainer that there was no guarantee of concurrent terms. Trainer's disappointment at the trial court for not following the recommendation of concurrent sentences did not render his plea less than knowing and voluntary.
 {¶ 52} Trainer's third assignment of error is overruled.
 V {¶ 53} Trainer's fourth and final assignment of error is as follows:
 {¶ 54} "APPELLANT'S MOST RECENT TRIAL COUNSEL PROVIDED *Page 12 
INEFFECTIVE ASSISTANCE BY FAILING TO INFORM APPELLANT THAT HE WOULD BE INELIGIBLE FOR JUDICIAL RELEASE IF SENTENCED TO A TERM IN EXCESS OF TEN YEARS AND BY FURTHER FAILING TO REQUEST THAT THE TRIAL JUDGE EXPLAIN SUCH, AND FURTHER PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY NOT CHALLENGING THE STATE'S FAILURE TO RECOMMEND CONCURRENT SENTENCES IN CASE NOS. 2004 CR 121 AND 2005 CR 139"
 {¶ 55} In his final assignment, Trainer contends that he was afforded ineffective assistance when defense counsel failed to inform the appellant as well as the trial court that Trainer would be ineligible for judicial release if he was sentenced to more than ten years imprisonment. Trainer also alleges that his counsel was ineffective for failing to remind the State of its promise to recommend concurrent sentences in Case Nos. 2004 CR 121 and 2005 CR 139.
 {¶ 56} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, citingState v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135.
 {¶ 57} The above standard contains essentially the same requirements as the standard set forth by the United States Supreme Court inStrickland v. Washington (1984), 466 U.S. 668, *Page 13 104 S.Ct. 2052. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."Strickland, supra, at 687-688. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Thus, counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Id .
 {¶ 58} For a defendant to demonstrate that he has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, absent counsel's errors, the result of the trial would have been different. Bradley, supra, at 143. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra, at 694.
 {¶ 59} Initially, it must be noted that Trainer's argument in regards to his counsel's ineffectiveness for failing to inform the court of Trainer's ineligibility for judicial release in the face of a term of imprisonment in excess of ten years has been rendered moot given our disposition of Trainer's first assignment. Since we sustained said assignment, concluding that Trainer's guilty plea was neither knowingly nor intelligently made, we do not reach the merits of appellant's first argument regarding ineffective assistance.
 {¶ 60} With respect to Trainer's final argument in which he suggests that his counsel was ineffective for failing to remind the State and the trial court of the State's earlier recommendation concerning the imposition of concurrent sentences, we previously held in the *Page 14 
second assignment that the State had fulfilled its duty to Trainer when it recommended concurrent sentences at the July 29, 2005, plea hearing and again at the September 12, 2005, sentencing hearing. The trial court, however, appropriately chose to reject that recommendation. Since we found that the State and court acted properly under the circumstances, it must follow that defense counsel's actions did not amount to ineffective assistance by failing to remind the State of a duty it had already fulfilled.
 {¶ 61} Trainer's fourth assignment is overruled.
 VI {¶ 62} His first assignment of error having been sustained, Trainer's sentence in Case No. 2005 CR 265 is reversed and vacated, and the matter is remanded to the trial court for resentencing. Trainer's remaining assignments of error are overruled, and the judgment of the trial court is affirmed as to Case Nos. 2004 CR 121 and 2005 CR 139.
 WOLFF, P.J. and FAIN, J., concur. *Page 1