OPINION
{¶ 1} Brian S. Trainer appeals pro se from his resentencing on multiple charges following a remand by this court.
 {¶ 2} Trainer advances two assignments of error on appeal. First, he contends the trial court erred by imposing consecutive misdemeanor and felony sentences that *Page 2 
exceed eighteen months in the aggregate. Second, he claims the trial court erred by imposing a combined prison term of ten years and three months in violation of our prior mandate.
 {¶ 3} The present appeal involves the sentences Trainer received in three cases:
 {¶ 4} In case number 2004-CR-121, he pled guilty to three felony charges and received three years of community control. The trial court advised him that he would face three consecutive eleven-month prison terms if community control were revoked.
 {¶ 5} In case number 2005-CR-139, Trainer pled guilty to three additional felony charges and received four years of community control. The trial court advised him that he would face concurrent prison terms of five years, one year, and one year if community control were revoked.
 {¶ 6} In case number 2005-CR-265, Trainer pled guilty to two felony charges and one misdemeanor offense. A community control violation hearing for case numbers 2004-CR-121 and 2005-CR-139 was held simultaneously with the sentencing hearing in case number 2005-CR-265. The trial court revoked community control in the two prior cases. It imposed an aggregate prison sentence of thirty-three months in case number 2004-CR-121 and an aggregate prison sentence of five years in case number 2005-CR-139. The trial court then imposed an aggregate prison sentence of three years and six months for the felony convictions in case number 2005-CR-265 and an additional consecutive ninety-day jail sentence for the misdemeanor conviction. The trial court ordered the sentence in each case to be served consecutively. The result was a total prison term of eleven years and three months (thirty-three months + five years + three *Page 3 
years and six months), plus an additional ninety-day jail term.
 {¶ 7} On appeal, we held that Trainer's guilty pleas in case number 2005-CR-265 were not entered knowingly or intelligently because the trial court informed him that he was eligible for judicial release but then imposed an aggregate prison term in excess of ten years, rendering him ineligible. See State v. Trainer, Champaign App. No. 2006 CA 23,2007-Ohio-6698. As a result, we affirmed the sentence in case number 2004-CR-121 and case number 2005-CR-139. We reversed and vacated the sentence in case number 2005-CR-265 and remanded for resentencing. Implicit in our remand was a mandate to impose a prison sentence that would make Trainer eligible for judicial release.
 {¶ 8} During a January 22, 2008 resentencing hearing, the trial court indicated that it would reduce Trainer's prison sentence in this case from three years and six months to two years and six months. It also reimposed a consecutive ninety-day jail sentence for a misdemeanor conviction. The trial court opined, without objection, that the one-year reduction would bring Trainer's cumulative prison term in the three cases to nine years and nine months, rendering him eligible for judicial release in accordance with our mandate. The trial court set forth its computations in a resentencing entry filed February 6, 2008. (Doc. #7 at 3).
 {¶ 9} In his first assignment of error, Trainer contends the trial court erred by imposing consecutive misdemeanor and felony sentences that exceed eighteen months in the aggregate. More specifically, he maintains that R.C. 2929.41(B) precluded the trial court from imposing a consecutive ninety-day jail sentence in this case unless it capped his combined sentence in all three cases at eighteen months. Trainer did not raise this *Page 4 
issue below. Therefore, we are limited to a plain-error review. "An error qualifies as `plain error' only if it is obvious and but for the error, the outcome of the proceeding clearly would have been otherwise."State v. Chapple, 175 Ohio App.3d 658, 662, 2008-Ohio-1157.
 {¶ 10} Upon review, we find no plain error in the trial court's imposition of a consecutive ninety-day jail sentence or its failure to cap Trainer's aggregate sentence at eighteen months. Prior to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, R.C. 2929.41(A) provided, with exceptions not relevant here, that "a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution." In State v. Butts (1991), 58 Ohio St.3d 250, syllabus, the Ohio Supreme Court held that "R.C. 2929.41(A) requires that a sentence imposed for a misdemeanor conviction must be served concurrently with any felony sentence." In Foster, however, the court declared R.C. 2929.41(A) unconstitutional and severed it from the remainder of the statute. Id. at paragraph three and four of the syllabus.[1] In the wake of Foster, we are left with R.C. 2929.41(B), which provides, in relevant part:
 {¶ 11} "(B)(1) A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment *Page 5 
when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322,2921.34, or 2923.131 of the Revised Code.
 {¶ 12} "When consecutive sentences are imposed for misdemeanor under this division, the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months."
 {¶ 13} At least two appellate districts have held, post-Foster, that R.C. 2929.41(B)(1) authorizes a trial court to order a misdemeanor sentence to be served consecutively to a felony sentence.State v. Terry, 171 Ohio App.3d 473, 2007-Ohio-1096; State v.Elkins, Morrow App. No. 05 CA 0008, 2006-Ohio-3997. The first sentence in R.C. 2929.41(B)(1) supports such a conclusion. Indeed, it expressly states that "[a] jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, * * * when the trial court specifies that it is to be served consecutively." (Emphasis added).
 {¶ 14} Trainer argues, however, that the second sentence in R.C. 2929.41(B)(1) prohibits a trial court from imposing more than eighteen months in the aggregate whenever it orders consecutive sentences for a misdemeanor and another offense. Because he received a consecutive ninety-day jail sentence in this case, Trainer contends the trial court could not impose more than an aggregate eighteen-month sentence for all three of his cases.
 {¶ 15} While the second sentence in R.C. 2929.41(B) may be poorly worded, it traditionally has not been read to mean what Trainer suggests. As set forth above, the *Page 6 
pertinent language provides: "When consecutive sentences are imposed for misdemeanor under this division, the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months." The forgoing language would read better if the word "misdemeanor" were plural. In any event, it has been interpreted to mean that consecutive sentences imposed for multiple misdemeanors may not exceed eighteen months in the aggregate. See, e.g.,State v. Miller (Aug. 13, 2001), Butler App. No. CA2000-11-225 (noting that "appellate courts have reached the conclusion that the language of R.C. 2929.41(B)(1) limits the total term of imprisonment for all misdemeanors to eighteen months, including cases in which the sentences are imposed at different times or by different courts"). Courts reached the same conclusion under a prior version of R.C. 2929.41 that contained similar language. See, e.g., State v. Kesterson (1993),91 Ohio App.3d 263, 265.[2] In the present case, Trainer did not receive consecutive sentences for multiple misdemeanors. He received consecutive sentences for multiple felonies and one misdemeanor.
 {¶ 16} In his reply brief, Trainer cites State v. McCauley, Cuyahoga App. No. 86946, 2006-Ohio-4587, for the proposition that, even post-Foster, a misdemeanor *Page 7 
sentence must run concurrently with a felony sentence. Trainer fails to acknowledge, however, that the Eighth District relied on R.C. 2929.41(A), which Foster previously had declared unconstitutional and excised. Id. at ¶ 8. The McCauley court additionally cited State v.Elchert, Seneca App. No. 13-04-42, 2005-Ohio-2250, which also relied on the now-defunct R.C. 2929.41(A) to find that misdemeanor and felony sentences could not be ordered to be served consecutively. Therefore, Trainer's reliance on McCauley and Elchert is misplaced.
 {¶ 17} Trainer's reply brief also cites State v. Downing, Paulding App. No. 11-02-07, 2002-Ohio-6310. Absent specified exceptions, theDowning court noted that R.C. 2929.41(A) unequivocally required a misdemeanor sentence to run concurrently with a felony sentence. Read in isolation, the Third District then observed that R.C. 2929.41(B)(1) authorized a trial court to impose a misdemeanor sentence consecutive to "any other sentence of imprisonment," which seemingly would include a felony sentence. To avoid the apparent inconsistency, theDowning court read 2929.41(A) and (B)(1) in pari materia, concluding that division (A) prohibited consecutive misdemeanor and felony sentences while division (B)(1) permitted the imposition of a misdemeanor sentence consecutive to any other non-felony (i.e., misdemeanor) sentence of imprisonment.
 {¶ 18} Downing is of limited value in the present case because the potential inconsistency it reconciled no longer exists. Simply put, we have no occasion to read R.C. 2929.41(A) and (B)(1) in pari materia because Foster excised the former provision *Page 8 
from the Revised Code after Downing was decided. As set forth above, the starting point now is R.C. 2929.41(B)(1), which unambiguously states that "[a] jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term * * * when the trial court specifies that it is to be served consecutively[.]" The trial court so specified in Trainer's case. Therefore, it did not commit plain error when it ordered his ninety-day jail sentence to be served consecutively to his felony sentences.
 {¶ 19} Finally, Trainer contends R.C. 2929.41(B)(3) — and not R.C. 2929.41(B)(1) — is the provision that governs consecutive misdemeanor and felony sentences. It states:
 {¶ 20} "A jail term or sentence of imprisonment imposed for a misdemeanor violation of section 4510.11, 4510.14, 4510.16, 4510.21, or4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section 2903.06, 2903.07,2903.08, or 4511.19 of the Revised Code or a felony violation of section 2903.04 of the Revised Code involving the operation of a motor vehicle by the offender and that is served in a state correctional institution when the trial court specifies that it is to be served consecutively."
 {¶ 21} We concede that the trial court's reading of R.C. 2929.41(B)(1) renders R.C. 2929.41(B)(3) superfluous. Before it was excised from the Revised Code, R.C. 2929.41(A) prohibited consecutive misdemeanor and felony sentences, subject to the exceptions found in R.C. 2929.41(B)(3). Because R.C. 2929.41(A) no longer exists, however, we are left with R.C. 2929.41(B)(1), which allows consecutive misdemeanor and felony sentences in all cases, as recognized by the Twelfth District in Terry, supra, and the Fifth District in Elkins, supra. To read R.C. 2929.41(B)(3) as identifying the only *Page 9 
circumstances under which a trial court may order consecutive misdemeanor and felony sentences is to ignore the plain language of R.C. 2929.41(B)(1), which states that "[a] jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to anyother prison term * * * when the trial court specifies that it is to be served consecutively[.]" (Emphasis added). On the other hand, to read R.C. 2929.41(B)(1) as authorizing consecutive misdemeanor and felony sentences in all cases admittedly renders R.C. 2929.41(B)(3) surplusage. But this is a consequence of the Ohio Supreme Court's decision to excise R.C. 2929.41(A) from the Revised Code while leaving R.C. 2929.41(B) intact.
 {¶ 22} In short, while we do not disagree with Trainer's analysis of R.C. 2929.41 before the Ohio Supreme Court decided Foster, we must read the statute as it now exists. Based on the reasoning set forth above, the trial court reasonably could have concluded that R.C. 2929.41(B)(1) authorized it to impose a consecutive ninety-day jail sentence in this case. The trial court also reasonably could have concluded that it was not required to cap Trainer's aggregate sentence in all three cases at eighteen months. The trial court certainly did not commit a plain or "obvious" error by failing to conclude otherwise. Accordingly, Trainer's first assignment of error is overruled.
 {¶ 23} In his second assignment of error, Trainer claims the trial court erred by imposing an aggregate prison term of ten years and three months in violation of our mandate to impose a shorter term making him eligible for judicial release. For its part, the State concedes error and urges us to modify Trainer's prison sentence so that his aggregate prison term in all three cases is nine years and nine months. The State contends this was the trial court's obvious intent. Once again, we must review Trainer's *Page 10 
sentence for plain error because he failed to object below.
 {¶ 24} Upon review, we conclude that the trial court did commit plain error by failing to comply with our mandate to impose a sentence making Trainer eligible for judicial release.
 {¶ 25} In its February 6, 2008 resentencing entry, the trial court opined that Trainer's aggregate sentence in his three cases was nine years and nine months in prison, plus an additional six months to be served in jail. Believing that the new prison sentence was less than ten years, the trial court stated that "Defendant is eligible for judicial release." (Doc. #7 at 3).
 {¶ 26} A review of the resentencing entry reveals, however, that the trial court actually sentenced Trainer to a total of ten years and three months in prison with an additional ninety days in jail. Prior to our remand, the trial court had imposed an aggregate prison sentence of thirty-three months in case number 2004-CR-121 and an aggregate prison sentence of five years in case number 2005-CR-139. We affirmed these consecutive sentences in the prior appeal, and the trial court did not disturb them on remand. Therefore, in case number 2004-CR-121 and case number 2005-CR-139, Trainer received a cumulative sentence of seven years and nine months in prison.
 {¶ 27} The trial court's task on remand was to impose a prison sentence in case number 2005-CR-265 that would make Trainer eligible for judicial release. Under R.C. 2929.20(A), judicial release is available only to an offender serving a prison term of ten years or less. Therefore, the trial court was obligated to impose a prison sentence of no more than two years and three months in this case. The resentencing entry reflects, however, that the trial court sentenced Trainer to two years and six months in prison. *Page 11 
The sentence consisted of two years on one felony charge and six months on another felony charge. As a result, his aggregate prison term in the three cases stands at ten years and three months, plus an additional ninety days in jail.
 {¶ 28} The record supports the parties' belief that the trial court inadvertently may have treated Trainer's six-month prison sentence in this case as a jail sentence. Subtracting that six-month sentence from his prison term would result in an aggregate prison term of nine years and nine months, making him eligible for judicial release. This appears to be what the trial court intended, and it complies with our prior mandate. Rather than remanding for another resentencing, the State urges us to modify Trainer's sentence, pursuant to R.C. 2953.08(G)(2)(b), on the basis that it is contrary to law because it conflicts with our prior mandate. For his part, Trainer contends a remand is required for the trial court to recompute his jail-time credit.
 {¶ 29} Upon review, we find that Trainer's sentence is contrary to law insofar as it fails to comply with our earlier mandate. A "contrary to law" finding typically applies when "a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." State v. Hawkins, Greene App. No. 06CA79, 2007-Ohio-3581. We believe a sentence also may be contrary to law, however, if it violates a remand order from a superior court. "An order of remand is directed to the trial court, and it is the responsibility of the trial court to see that the order is carried out. * * * The judgment of the court of appeals is the law of the case binding the trial court on remand."State ex rel. Davis v. Rastatter, Clark App. No. 06-CA-66,2006-Ohio-5305, ¶ 5 (citations omitted). In the present case, the trial court inadvertently failed to impose a cumulative sentence making Trainer eligible for judicial release. Therefore, the sentence it imposed *Page 12 
is contrary to law — namely the law of the case established by our prior remand. Accordingly, Trainer's second assignment of error is sustained.
 {¶ 30} Pursuant to R.C. 2953.08(G)(2)(b), we hereby modify Trainer's sentence in case number 2005-CR-265 as follows: His six-month prison sentence for drug possession is ordered to be served concurrently with his two-year sentence for failure to comply with the order or signal of a police officer. As a result, Trainer's aggregate prison sentence in all three of his cases is nine years and nine months.
 {¶ 31} Finally, we are unpersuaded by Trainer's contention that a remand is required for recomputation of his jail-time credit. He expresses concern that our modification of his sentence will deprive him of credit to which he is entitled. While we have had some difficulty following his specific argument, the record persuades us that any concern is unfounded. Trainer contends he is entitled to a total of 558 days of jail-time credit under a June 29, 2006, ruling from the trial court. The Ohio Department of Rehabilitation and Correction ("ODRC") actually has credited him with a total of 567 days of jail-time credit. (Doc. #17). ODRC credited those days against an aggregate prison term of ten years and three months. As a result of our ruling herein, the only thing that has changed is the length of his aggregate term. It now stands at nine years and nine months. Nothing about that change alters the fact that Trainer previously served 567 days in jail. Therefore, we discern no reason why he will not continue to receive 567 days of jail time credit. No need for a remand has been shown.
 {¶ 32} Based on the reasoning set forth above, the judgment of the Champaign County Common Pleas Court is affirmed, as modified. *Page 13 
FAIN, J., and FROELICH, J., concur.
[1] Foster's syllabus holds that R.C. 2929.41(A) is unconstitutional and excised, while a portion of the opinion's text states that R.C. 2929.41 is excised in its entirety. Compare Foster, 109 Ohio St.3d at paragraph three and four of the syllabus, with Foster, at ¶ 97. Thereafter, the text states that R.C. 2929.41(A) is excised. Id. at ¶ 99. Because the syllabus of Foster controls, the Twelfth District Court of Appeals has found that only R.C. 2929.41(A) "is unconstitutional and no longer exists after Foster[.]" State v.Terry, 171 Ohio App.3d 473, 475, 2007-Ohio-1096, ¶ 9. According to the Twelfth District, the other portion of the statute, R.C. 2929.41(B), remains constitutional and has not been excised. We note our agreement with this conclusion.
[2] The version of R.C. 2929.41 in effect when Kesterson was decided provided:
 "(D) Subject to the maximum provided in division (E) of this section, when consecutive sentences of imprisonment are imposed for misdemeanor, the term to be served is the aggregate of the consecutive terms imposed.
 "(E) Consecutive terms of imprisonment imposed shall not exceed:
 * * * "(3) An aggregate term of eighteen months, when the consecutive terms imposed are for misdemeanors." *Page 1